IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL NO. 07-00049 HG LEK |
| | ) | |
| v. | ) | |
| | ) | |
| REAL PROPERTY LOCATED AT 148 | ) | |
| MAUNALANIKAI PLACE IN | ) | |
| HONOLULU, HAWAII, TITLED IN | ) | |
| THE NAME OF AI HANG THI HYDE, | ) | |
| AND DESIGNATED AS TAX MAP KEY | ) | |
| NUMBER (1)3-3-022-094, | ) | |
| TOGETHER WITH ALL APPUR- | ) | |
| TENANCES AND IMPROVEMENTS; | ) | |
| $14,114.66 SEIZED FROM BANK OF | ) | |
| HAWAII; AND $2,755.94 SEIZED | ) | |
| FROM WELLS FARGO BANK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| HSBC BANK USA, N.A., as Trustee | ) | |
| For the Registered Holders of | ) | |
| Ace Securities Corp. Home | ) | |
| Equity Loan Trust, Series | ) | |
| 2005-HE3, Asset Backed Pass- | ) | |
| Through Certificates, and | ) | |
| JAMES M. HYDE, | ) | |
| | ) | |
| Claimants. | ) | |

**ORDER GRANTING UNITED STATES' MOTION TO STRIKE
JAMES M. HYDE'S CLAIM AND ANSWER
AND IN THE ALTERNATIVE,
GRANTING THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT**

Defendant Real Property, located at 148 Maunalanikai Place in Honolulu, Hawaii, is sued by the United States of America in a civil forfeiture action based on the arrest and guilty plea of its owner of title, Ai Hang Thi Hyde, and her alleged purchase of

1

the property with illegal drug sale proceeds.

Claimant James M. Hyde claims a marital interest in the Defendant Real Property based on his marriage to Ai Hang Thi Hyde.

The United States moves, pursuant to Rule G(8)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supp. R. G(8)(c)"), for an order to strike Claimant Hyde's Claim and Answer and/or for summary judgment.

James M. Hyde's Claim and Answer are STRICKEN pursuant to Supp. R. G(8)(c) because Claimant Hyde cannot establish standing to contest the civil forfeiture.  In the alternative, summary judgment is GRANTED as Claimant Hyde cannot satisfy the requirements of the applicable forfeiture statute, 18 U.S.C. §§ 983(d)(2) and 983(d)(3).

## PROCEDURAL HISTORY

On January 29, 2007, the United States filed the Complaint for Forfeiture.  (Doc. 1.)

On March 8, 2007, the United States filed the First Amended Complaint For Forfeiture.  (Doc. 6.)

On May 30, 2007, Claimant James M. Hyde ("Claimant") filed an Answer.  (Doc. 18.)

On May 30, 2007, a Request For Extension Of Time To File The Claim Of Claimant James M. Hyde In Response To First Amended Complaint For Forfeiture ("Motion for Extension of Time") was

2

filed.  (Doc. 19.)

On June 12, 2007, the United States filed a Request to Enter Default against Defendants $14,114.66 Seized from Bank of Hawaii, and $2,755.94 Seized from Wells Fargo Bank, and the Clerk of the Court entered Default.  (Doc. 23.)

On June 13, 2007, the United States filed a Response to the Motion for Extension of Time.  (Doc. 22.)

On June 20, 2007, the Court granted Claimant's Motion for Extension of Time, granting a 60-day extension of time from the initial May 30, 2007, deadline to file his claim.  (Doc. 24.)

On July 12, 2007, the Claim Of Claimant James M. Hyde In Response To First Amended Complaint For Forfeiture was filed. (Doc. 25.)

On November 5, 2007, the United States filed the Ex Parte Motion For Entry Of Partial Default Judgment And For Decree Of Forfeiture relating to Defendants $14,114.66 and $2,755.94. (Doc. 32.)

On December 3, 2007, the Magistrate Judge Leslie E. Kobayashi entered Findings and Recommendation to Enter Partial Default Judgment and Decree of Forfeiture against Defendants $14,114.66 and $2,755.94.  (Doc. 33.)

On December 19, 2007, the Court issued an Order Adopting Magistrate's Findings And Recommendation.  (Doc. 34.)

On March 7, 2008, the Court approved and filed the

Stipulated Settlement Agreement signed by the United States and HSBC Bank USA, N.A..  (Doc. 39.)

On the same day, the Court also approved and entered a Stipulation For Sale Of Defendant Real Property and Substitution of *Res* signed by the United States, HSBC Bank USA, N.A. and Claimant, (Doc. 40.), and Order, (Doc. 41).

On March 11, 2008, the United States filed the Motion To Strike James M. Hyde's Claim And Answer And/Or For Summary Judgment ("Motion to Strike").  (Doc. 42.)

On March 17, 2008, the government filed a concise statement in support of the Motion to Strike.  (Doc. 44.)

On April 10, 2008, Claimant filed a Motion To Continue Hearing Of United States' Motion To Strike James M. Hyde's Claim And/Or For Summary Judgment ("Motion to Continue Hearing"). (Doc. 45.)

On April 11, 2008, the Government filed an Opposition to the Motion to Continue Hearing.  (Doc. 46.)

The United State's Motion To Strike, (Doc. 42), and Claimant's Motion To Continue Hearing, (Doc. 45), came on for hearing on April 14, 2008.

On the same day, the Court issued a Minute Order GRANTING the United States Motion to Strike, (Doc. 42), and DENYING Claimant's Motion To Continue Hearing, (Doc. 45).  (Doc. 48.)

4

## BACKGROUND

### I.   The Related Criminal Case Against Ai Hang Thi Hyde

On January 24, 2007, the United States indicted Ai Hang Thi Hyde and Ryan Yukio Shinjo on federal drug and money laundering charges.  See United States v. Ai Hang Thi Hyde, et al., Cr. No. 07-00042 HG (hereinafter the "Criminal Case").  The Indictment charged Ai Hang Thi Hyde with, in part, conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Count 1) and the forfeiture of property derived from proceeds obtained as a result of Count 1 (Count 2).

#### A.   The Plea Agreement

In Paragraph 8 of her Memorandum of Plea Agreement, Ai Hang Thi Hyde admitted that she had been involved in significant illegal drug trafficking between 2001 and 2006:

> a.   Beginning in or around 2001, Defendant agreed with others to distribute and possess with intent to distribute multi-pound quantities of methamphetamine in the District of Hawaii.  Between 2001 to 2006, Defendant arranged to have FedEx parcels containing methamphetamine mailed from California to Hawaii for distribution in Hawaii.
>
> b.   Between the period 2001 to 2003, Defendant traveled to California from Hawaii with another co-conspirator, "A.T.," . . . on approximately five

5

separate occasions.  Defendant and
"A.T." obtained a pound of
methamphetamine on each trip and
transported it back to Hawaii where it
was distributed to others.

c.   Between September 2001 and 2006,
Defendant arranged to have FedEx parcels
containing multi-pound quantities of
methamphetamine mailed from a source in
California to Hawaii where it was
distributed to others. . . . During this
period of time, Defendant purchased the
methamphetamine from her source of
supplies for an average of $15,000 per
pound and sold the methamphetamine for
approximately $1,400 per ounce.

. . .

j.   . . . Defendant stipulates that a total
of 1,737.4 grams of pure methamphetamine
(referenced in paragraphs d-i) and
additional multi-pound quantities of
methamphetamine herein are involved in
the conspiracy or constitute "relevant
conduct" and are amounts which are
attributable to her.  . . .

(Ai Hang Thi Hyde's Memo. of Plea Agreement, U.S. Motion to

Strike, Doc. 42, Exh. "A" at pg. 8.)

    B.   **Order Of Forfeiture**

    On September 14, 2007, a Preliminary Order of Forfeiture was

entered in the Criminal Case.  The Preliminary Order of

Forfeiture included a personal money judgment against Ai Hang Thi

Hyde in the amount of $1,068,800.00, representing the amount of

drug proceeds that Ai Hang Thi Hyde had obtained, directly or

indirectly, as a result of the drug conspiracy alleged in Count 1

of the Indictment.  (Preliminary Order of Forfeiture, U.S. Motion

to Strike, Doc. 42, Exh. "B.")

A Final Order of Forfeiture, which imposed the $1,068,800.00 personal money judgment against Ai Hang Thi Hyde, was entered on November 19, 2007.  (Declaration of Rachel S. Moriyama ("Moriyama Decl.") at ¶ 6, Doc. 42.)

## II.   **The Federal Civil Forfeiture Action**

The United States sues Defendant Property, Located at 148 Maunalanikai Place in Honolulu, Hawaii, Titled in the Name of Ai Hang Thi Hyde, and Designated as Tax Map Key Number (1)3-3-022-094, Together with All Appurtenances and Improvements ("Defendant Real Property") in the civil forfeiture action.

The Amended Complaint alleges that Ai Hang Thi Hyde purchased Defendant Real Property for $760,000.00 on February 28, 2005.  The 2005 date is within the period of time, from 2001 to 2006, that Ai Hang Thi Hyde was involved in the drug trafficking conspiracy charged in the Criminal Case.  The United States claims that Defendant Real Property is subject to forfeiture as proceeds of Ai Hang Thi Hyde's drug activity pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6):

> 18 U.S.C. § 981(a)(1)(C), as property, real or personal, which constitutes or is derived from proceeds traceable to a violation of an offense constituting a "specified unlawful activity" or a conspiracy to commit such offense -- to wit, 21 U.S.C. §§ 841 and 846 (drugs)[; and/or]. . .
>
> 21 U.S.C. § 881(a)(6), as moneys or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in

> violation of Subchapter I, Chapter 13 of Title 21,
> United States Code . . . .

(Am. Compl. at 4-6, Doc. 6.)

The United States filed a Notice of Pendency of Action on January 29, 2007, (Doc. 2), and recorded that Notice at the Bureau of Conveyances, State of Hawaii, on January 30, 2007. (Moriyama Decl. at ¶¶ 7-9, Doc. 42.)

Notice of the forfeiture action was sent to all known potential claimants, including Ai Hang Thi Hyde, her boyfriend, Dong Suk Chae, the tenant living at the defendant real property, and all lienholders of record identified by a title search. (<u>Id.</u> at ¶ 10.)  Notice also was published in the Honolulu Advertiser on April 16, 23, and 30, 2007. (<u>Id.</u> at ¶ 11.)

On May 1, 2007, a partial default was entered against Ai Hang Thi Hyde and Dong Suk Chae for their failure to file a claim or answer. (Doc. 16.)

### A.    **The Claims Against Defendant Real Property**

Two claims have been filed against Defendant Real Property. The first was filed on May 22, 2007, by HSBC Bank USA, N.A. ("HSBC Bank"). (Doc. 23-2 at ¶ 15.)  HSBC Bank, as Trustee For the Registered Holders of Ace Securities Corp. Home Equity Loan Trust, Series 2005-HE3, Asset Backed Pass-Through Certificates, asserted a claim to Defendant Real Property by virtue of its note and mortgage. (<u>Id.</u>; <u>see also</u> Moriyama Decl. at ¶ 13, Doc. 42.)

The second claim was filed by James M. Hyde, as the

8

estranged husband of Ai Hang Thi Hyde, on July 12, 2007.  (Doc. 25.)  Claimant Hyde is in the process of obtaining a divorce from Ai Hang Thi Hyde, and asserts an interest in Defendant Real Property as an asset of the marital estate to be divided during the divorce.  (Doc. 25 at ¶ 2.)

On June 12, 2007, default was entered against all potential claimants, except Claimants HSBC Bank, and James M. Hyde.  (Id. at ¶ 17; see also, Doc. 23.)

On March 7, 2008, the Court approved and filed a Stipulated Settlement Agreement signed by the United States and HSBC Bank. (Doc. 39.)  On March 7, 2008, the Court also approved and entered a Stipulation for Sale of Defendant Real Property and Substitution of Res signed by the United States, HSBC Bank, and Claimant.  In the Stipulation for Sale, the parties agreed to sell Defendant Real Property on an interlocutory basis, to use the sales proceeds to pay off HSBC Bank for the amounts owed under the Bank's note and mortgage, and to substitute any remaining sales proceeds ("net proceeds") for the Defendant Real Property as the res in the forfeiture action.  (Doc. 40.)

Any net proceeds realized from the sale of Defendant Real Property are subject only to the competing claims of the United States and Claimant Hyde.

## III. **The Hyde Divorce Proceedings**

James M. Hyde filed for divorce from Ai Hang Thi Hyde on

9

August 25, 2006.  See Hyde v. Hyde, FC-D No. 06-1-02782, Family
Court of the First Circuit, State of Hawaii ("Divorce Case").
The Complaint for Divorce alleges the Hydes have been physically
separated for a significant period of time.  Ai Hang Thi Hyde has
been living with her boyfriend, Dong Suk Chae, and has two
children who were "born during the marriage, not fathered by
Husband [Claimant]."  (Compl. for Divorce filed on August 25,
2006 in the Divorce Case, Doc. 42 at Exh. "C.")

On March 1, 2007, Claimant filed a Motion for Pre-Divorce
Relief that sought to take possession of Defendant Real Property.
(Moriyama Decl. at ¶ 20, Doc. 42.)  The Family Court Judge
entered an order noting that the Maunalanikai Place property was
the subject of the federal forfeiture action, and that James M.
Hyde's motion to take possession of the property was continued
pending the resolution of the federal forfeiture action.  (Id.;
see also order filed in the Divorce Case on March 28, 2007, Doc.
42, Exh. "D.")

## IV.  **The Forfeiture Claim**

Claimant James M. Hyde asserts an interest in Defendant Real
Property based on his status as the spouse of Ai Hang Thi Hyde.
Claimant Hyde argues that he has an interest in the Property as
"the property is part of the marital estate."  (Answer at ¶ 4,
Doc. 18; see also Claim at ¶ 2, Doc. 25, "Claimant has an
interest in the property as an asset of the marital estate.")

10

## STANDARDS OF REVIEW

### I.   SUPPLEMENTAL RULE G(8)(C) MOTION TO STRIKE

Under Rule G(8)(c) of the Supplemental Rules for Admiralty
or Maritime Claims and Asset Forfeiture Actions ("Supp. R.
G(8)(c)") the claim and answer of a claimant can be stricken if
the claimant fails to establish his standing.  Supp. R.
G(8)(c)(ii)(B) provides that a motion to strike "may be presented
as a motion for judgment on the pleadings or as a motion to
determine . . . by summary judgment whether the claimant can
carry the burden of establishing standing by a preponderance of
the evidence."  See also Advisory Committee Notes to Supplemental
Rule G(8)(c)(ii), (2006 Adoption) ("If a claim fails on its face
to show facts that support claim standing, the claim can be
dismissed by judgment on the pleadings.  If the claim shows facts
that would support claim standing, those facts can be tested by a
motion for summary judgment.").

Standing is a threshold issue on which the claimant bears
the burden of proof in every civil forfeiture case.  United
States v. Real Property Located at 5208 Los Franciscos Way, 385
F.3d 1187, 1191 (9th Cir. 2004).  The claimant must establish his
standing with admissible evidence because "the danger of false
claims in these proceedings is substantial . . . ."  United
States v. $100,348, 354 F.3d 1110, 1118-19 (9th Cir. 2004)(courts
require more than "conclusory or hearsay allegations of some

11

interest in the forfeited property."); <u>Mercado v. U.S. Customs Service</u>, 873 F.2d 641 (2d Cir. 1989)(same).  Standing is a question of law to be determined by the court and not a jury. <u>See</u> <u>United States v. One Lincoln Navigator</u>, 328 F.3d 1011, 1014 (8th Cir. 2003); <u>United States v. $557,933.89, More or Less, in U.S. Funds</u>, 287 F.3d 66, 78 (2d Cir. 2002).

To establish Article III standing, the claimant must demonstrate an interest in the property sufficient to satisfy the "case and controversy" requirement.  <u>Real Property Located at 5208 Los Franciscos Way</u>, 385 F.3d at 1191; <u>Sierra Club v. Morton</u>, 405 U.S. 727, 731 (1972) (A claimant must possess a "sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy.").  A claimant must show "actual or imminent injury -- not hypothetical, conjectural, or abstract injury" in order to establish standing.  <u>United States v. Lazarenko</u>, 476 F.3d 642, 649 (9th Cir. 2007).

In the context of a civil forfeiture of real property, a claimant has the burden of proving "a legally cognizable interest in the property that will be injured if the property is forfeited to the government." <u>United States v. $38,000</u>, 816 F.2d 1538, 1543 n. 12 (11th Cir. 1987).  Ownership of the real property may provide evidence of standing, but "it is injury that is at the heart of the standing question." <u>United States v. Cambio Exacto, S.A.</u>, 166 F.3d 522, 527 (2d Cir. 1999).

II.  __SUMMARY JUDGMENT__

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  There must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party.  __Nidds v. Schindler Elevator Corp.__, 113 F.3d 912, 916 (9th Cir. 1996).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." __T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n__, 809 F.2d 626, 630 (9th Cir. 1987) (__citing__ __Celotex Corp. v. Catrett__, 477 U.S. 317, 323 (1986)).  The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial.  The moving party need not produce any evidence at all on matters for which it does not have the burden of proof.  __Celotex__, 477 U.S. at 325.  The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law.  That burden is met simply by pointing out to the district court that there is an absence of evidence to support the non-movant's case.  __Id.__

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence

13

of probative evidence tending to support its legal theory.
Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282
(9th Cir. 1979).  The opposing party must present admissible
evidence showing that there is a genuine issue for trial.  Fed.
R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d
1044, 1049 (9th Cir. 1995).  "If the evidence is merely
colorable, or is not significantly probative, summary judgment
may be granted." Nidds, 113 F.3d at 916 (quoting Anderson v.
Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

    The court views the facts in the light most favorable to the
non-moving party.  State Farm Fire & Casualty Co. v. Martin, 872
F.2d 319, 320 (9th Cir. 1989).

    Opposition evidence may consist of declarations, admissions,
evidence obtained through discovery, and matters judicially
noticed.  Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324.  The
opposing party cannot, however, stand on its pleadings or simply
assert that it will be able to discredit the movant's evidence at
trial.  Fed. R. Civ. P. 56(e); T.W. Elec. Serv., 809 F.2d at 630.
The opposing party cannot rest on mere allegations or denials.
Fed. R. Civ. P. 56(e); Gasaway v. Northwestern Mut. Life Ins.
Co., 26 F.3d 957, 959-60 (9th Cir. 1994).  Nor can the opposing
party rest on conclusory statements.  National Steel Corp. v.
Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997).

14

## ANALYSIS

### I.    CLAIMANT FAILS TO ESTABLISH STANDING

Claimant James M. Hyde asserts that he has standing to claim an interest in Defendant Real Property because he "has an interest in the property as an asset of the marital estate." (Claim at ¶ 2, Doc. 25.)

The establishment of a legal interest in the Defendant Property is a necessary predicate to establishing Article III standing to challenge a forfeiture.  Claimant Hyde bears the burden of showing that he has dominion and control over the Defendant Real Property.  United States v. One Parcel of Land, Known as Lot 111-B, 902 F.2d 1443, 1444 (9th Cir. 1990) (per curiam)("'[P]ossession of mere legal title by one who does not exercise dominion and control over the property is insufficient even to establish standing to challenge a forfeiture.'") (quoting United States v. A Single Family Residence, 803 F.2d 625, 630 (11th Cir.1986); United States v. One 1945 Douglas C-54 (DC-4) Aircraft, 604 F.2d 27, 28 (8th Cir. 1979)).  A claimant must show he is a true owner of an interest in the property.  United States v. Vacant Land, etc., 15 F.3d 128, 130 (9th Cir. 1993); citing United States v. 92 Buena Vista Avenue, 507 U.S. 111, ----, 113 S.Ct. 1126, 1134 (1993).  Claimant bears the burden of proving that he "owns or has an interest in the forfeited property." One Parcel of Land, 902 F.2d at 1444.

15

The Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 983, defines the term "owner" to mean "a person with an ownership interest in the *specific property* sought to be forfeited, including a leasehold interest, lien, mortgage, *recorded* security interest, or valid assignment of an ownership interest."  18 U.S.C. § 983(d)(6)(A) (emphasis added).  Section 983(d)(6)(B)(i) expressly provides that the term "owner" does *not* include "a person with only a general unsecured interest in, or claim against, the property or estate of another."

## A.  Claimant Hyde Has No Direct Ownership Interest

Claimant Hyde does not allege any direct legal ownership of the defendant real property.  He is not a title owner of the defendant real property.  He does not claim that he contributed any of the funds used to purchase the defendant real property.  Claimant does not assert that he ever had possession of, or exercised any dominion and control over, the defendant real property.  See, e.g., United States v. Vacant Land, etc., 15 F.3d at 130 (claim of mere legal title by one who does not exercise actual dominion or control over property insufficient to establish standing to challenge forfeiture).  Claimant does not dispute the Government's allegation that Defendant Real Property was owned by Ai Hang Thi Hyde, (see Claim at ¶ 2, Doc. 25), or that Ai Hang Thi Hyde acquired the defendant real property with drug proceeds.

16

**B.**   <u>**The Marital Interest**</u>

Claimant Hyde bases his claim on his status as Ai Hang Thi Hyde's spouse.  Claimant argues that, as a matter of Hawaii divorce law, he has acquired or is entitled to obtain a legal interest in Defendant Real Property.  (Claim, Doc. 46.)

Federal Courts applying the laws of other states in the context of forfeiture actions, have found that a right to equitable distribution of marital property in a divorce does not confer an ownership interest independent of the divorce proceeding.  <u>See</u>, <u>e.g.</u>, <u>Premises Known as 717 South Woodward Street, Allentown, Pennsylvania</u>, 2 F.3d 529, 535-36 (3d Cir. 1993)(citing Pennsylvania state cases limiting application of marital property provisions to divorce cases; "'mere contingent equitable distribution right' is insufficient to establish an ownership interest" in forfeiture case); <u>United States v. 116 Emerson Street</u>, 942 F.2d 74, 79 n.3 (1st Cir. 1991) (Rhode Island's equitable distribution statute applies only to assignment of property interests during divorce proceedings); <u>United States v. 5854 N. Kenmore</u>, 762 F.Supp. 204, 208 (N.D. Ill. 1991)(Illinois Marriage and Dissolution Act is concerned with what constitutes marital property only at time of divorce).

Hawaii divorce law defines the "estate of the parties" subject to equitable distribution by the family court to mean, pursuant to Hawaii Revised Statutes ("HRS") § 580-47, "'anything

17

of present or prospective value' owned by either or both of the parties on *the date of the conclusion of the evidentiary part of the trial*." <u>Malek v. Malek</u>, 7 Haw. App. 377, 380, 768 P.2d 243, 246 (1989) (emphasis added and citations omitted). The civil forfeiture complaint, (Doc. 1) was filed against Defendant Real Property on January 29, 2007, and a Notice of Pendency of Action was recorded against Defendant Real Property on January 30, 2007, (Doc. 2.) The Divorce Case docket sheet shows the evidentiary portion of the Divorce Case had not been concluded prior to the initiation of the *in rem* civil forfeiture action in January of 2007. (<u>See</u> Divorce Case docket sheet as of July 2007, Exh. "E," Doc. 42.)

Ai Hang Thi Hyde has abandoned and forfeited her interest in Defendant Real Property in both the civil forfeiture action and in the Criminal Case. Defendant Real Property is not a part of the Hydes' marital estate in the Divorce Case. Claimant's derivative claim to Defendant Real Property fails as a matter of law.

Hawaii State Courts have held that divorce law principles governing property distribution, as well as any property settlement orders that may be issued in a divorce proceeding, only apply to the parties to the divorce action. The rights and interests of third parties who were not litigants in the divorce proceedings cannot be affected. <u>See</u> <u>Rossiter v. Rossiter</u>, 4 Haw.

18

App. 333, 336-37, 666 P.2d 617, 620 (1983).  In <u>Rossiter</u>, the
Hawaii Intermediate Court of Appeals ("ICA") held that the Family
Court had no jurisdiction to hear and determine questions
affecting real property when the title to that property was held
by a third party who was not involved in the divorce action.  <u>Id.</u>
The ICA held that the record owner of the land and premises upon
which the husband's auto repair business was operated would be "a
necessary and indispensable party to any action which affected
[the record owner's] interest in the property." <u>Id.</u>  Hawaii
divorce law determines the appropriate division of marital
property between spouses in the event of divorce.  Here, Claimant
Hyde cannot use his divorce action to affect the federal
forfeiture case.

Claimant Hyde has no legal interest in his wife's drug
proceeds or in any property that she acquired with her drug
proceeds under Hawaii State law.  As a matter of law, Claimant
lacks standing to challenge the forfeiture of Defendant Property.
The Court STRIKES Claimant Hyde's Claim and Answer pursuant to
Supp. R. G(8)(c).

## II.  IN THE ALTERNATIVE, SUMMARY JUDGMENT IS GRANTED AS CLAIMANT'S INTEREST IS NOT PROTECTED FROM FORFEITURE UNDER 18 U.S.C. § 983(D)

Even if Claimant Hyde could show he had Article III standing
by establishing a marital ownership interest in Defendant Real
Property under State law, the ownership interest is not

19

dispositive on the ultimate issue of forfeitability.  United
States v. Hooper, 229 F.3d 818, 820 (9th Cir. 2000) (quoting
United States v. Lester, 85 F.3d 1409, 1412 (9th Cir. 1996)
("State law determines whether Claimants have a property
interest, but federal law determines whether or not that interest
can be forfeited.")).  A claimant who has Article III standing
must then qualify as an innocent owner pursuant to Federal law.
A claimant must establish an "innocent owner's interest" in the
property that "shall not be forfeited."  18 U.S.C. § 983(d)(1).
He must show he falls within one of the two categories of persons
protected under 18 U.S.C. §§ 983(d)(2) and 983(d)(3) from
forfeiture.  One Lincoln Navigator, 328 F.3d at 1014 (even if
claimants establish standing, claimants may fail to establish
that they were owners entitled to relief under § 983(d)(6)
because nominees who do not exercise dominion and control are not
owners under that statute).

     Here, Claimant Hyde does not dispute that the Defendant Real
Property is properly subject to forfeiture.  To protect any
ownership interest from forfeiture, Claimant Hyde must proffer
evidence showing that he is an innocent owner of the defendant
real property pursuant to one of the two grounds provided by 18
U.S.C. §§ 983(d)(2)(A) and 983(d)(3)(A).  The issue goes to the
merits.

     Title 18 U.S.C. §§ 983(d)(2)(A) and 983(d)(3)(A) provide in

pertinent part:

> (2)(A) With respect to a *property interest in existence at the time the illegal conduct giving rise to forfeiture took place,* the term "innocent owner" means an owner who --
>
> > (i)  did not know of the conduct giving rise to forfeiture; or
> >
> > (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property.
>
> . . .
>
> (3)(A) With respect to a *property interest acquired after the conduct giving rise to the forfeiture has taken place*, the term "innocent owner" means a person who, at the time that person acquired the interest in the property --
>
> > (i)  was a *bona fide purchaser or seller for value* (including a purchaser or seller of goods or services for value); and
> >
> > (ii) did not know and was reasonably without cause to believe that the property was subject to forfeiture.

18 U.S.C. §§ 983(d)(2)(A) and 983(d)(3)(A), (emphasis added).

Section 983(d) is an affirmative defense:  "The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence."  18 U.S.C. § 983(d)(1).

**A.    Section 983(d)(2)(A) Is Not Applicable**

In order to invoke the protections of 18 U.S.C. § 983(d)(2)(A), a claimant must establish that his interest was "in existence at the time the illegal conduct giving rise to forfeiture took place."  18 U.S.C. §§ 983(d)(2)(A).

21

The temporal requirement of Title 18 U.S.C. § 983(d)(2)(A) was based on the criminal drug forfeiture statute.[1]  See 21 U.S.C. § 853(n)(6)(A).  In the case of Hooper, the Ninth Circuit Court held that claimant spouses of criminal defendants could not assert a marital interest in illegal drug proceeds pursuant to the criminal forfeiture statute, 21 U.S.C. § 853(n)(6)(A), because any marital interest in the proceeds is acquired after the commission of the offense giving rise to the civil forfeiture.  Hooper, 229 F.3d at 821.

The Ninth Circuit Court explained in Hooper that claimant spouses could not satisfy the "superior interest" requirement of § 853(n)(6)(A).  Id.  In order to prevail under § 853(n)(6)(A), a claimant must have a pre-existing interest in the forfeited property.  Even if the claimant spouses had a valid property interest under state law, the claims failed under federal

---

[1]  The criminal drug forfeiture statute, on which Title 18 U.S.C. § 983(d)(2)(A)'s temporal requirement was based, created separate grounds for relief for claimants whose property interests were in existence at the time the crime giving rise to the forfeiture took place, see 21 U.S.C. § 853(n)(6)(A), and for those who acquired their interests after the crime was committed.  See 21 U.S.C. § 853(n)(6)(B).  Courts interpreting the temporal requirement in criminal forfeiture cases have noted that it gives force and effect to the relation-back doctrine, 21 U.S.C. § 853(c), by precluding recovery by third parties who did not acquire any interest in the property until after the government's interest vested.  See also 21 U.S.C. § 881(h) (applying the relation-back doctrine in civil drug forfeiture cases).  Only bona fide purchasers for value, who are covered by § 983(d)(3)(A), can prevail in a forfeiture action involving property in which the claimant had no interest until after the crime giving rise to the forfeiture took place.

forfeiture law because a property interest in criminal proceeds can only come into existence *after* the crime giving rise to the forfeiture occurs.   The spouses claims were precluded by the federal forfeiture statute's temporal requirement.

The <u>Hooper</u> Court noted that the temporal requirement in the criminal forfeiture statute meant that, in all likelihood, no person could ever assert an interest as a pre-existing owner in criminal proceeds:

> It is true, as the government points out, that this interpretation of § 853(n)(6)(A) leads inevitably to the conclusion that *§ 853(n)(6)(A) is likely never to apply to proceeds of the crime*.   Section 853(n)(6)(A) is far better designed to deal with instrumentalities of the crime.   If a husband, for example, uses the family car for drug trafficking, his spouse may qualify under § 853(n)(6)(A) by showing that she had an interest in that car that preceded the crime.   Proceeds of crime, however, do not precede the crime.

<u>Hooper</u>, 229 F.3d at 821-22 (emphasis added).   <u>See also</u> <u>United States v. Brooks</u>, 112 F.Supp.2d 1035, 1040 (D. Haw. 2000)(spouse cannot assert marital interest under 21 U.S.C. § 853(n)(6)(A) in property acquired with criminal proceeds because such property was necessarily acquired *after* the commission of the act giving rise to the forfeiture).

Here, Claimant Hyde cannot invoke the protections of § 983(d)(2)(A).   His wife purchased Defendant Real Property with her drug trafficking proceeds.   The purchase occurred after the act giving rise to the forfeiture, that is, Ai Hang Thi Hyde's drug trafficking.   Claimant Hyde is not entitled to relief

23

pursuant to § 983(d)(2)(A).

**B.    Claimant Is Not A *Bona Fide* Purchaser For Value Entitled To Protection Under Section 983(d)(3)(A)**

A claimant may avoid forfeiture if he can prove that he was a *bona fide* purchaser for value who was reasonably without cause to believe that the property was subject to forfeiture. § 983(d)(3)(A).

The *bona fide* purchaser provision in § 983(d)(3)(A) is virtually identical to the *bona fide* purchaser provision in the criminal drug forfeiture statute, 21 U.S.C. § 853(n)(6)(B), and the body of law interpreting the *bona fide* purchaser requirement in criminal forfeiture cases is applicable in interpreting § 983(d)(3)(A).  See Hooper, 229 F.3d at 823.  (noting that § 983(d) divides claimants into the same two categories as does the criminal forfeiture statute, 21 U.S.C. § 853(n)(6), and that as a result, CAFRA has eliminated any distinction between the criminal and civil forfeiture statutes on this point).  Only a *bona fide* purchaser can prevail under § 983(d)(3)(A) as an innocent owner of property constituting or derived from criminal proceeds in a civil forfeiture proceeding.  Id.

Here, Claimant Hyde cannot prove that he is a *bona fide* purchaser for value under § 983(d)(3)(A).  While CAFRA does not define the term, "bona fide purchaser for value," courts applying similar language in the criminal drug forfeiture statute, 21 U.S.C. § 853(n)(6)(B), have defined "bona fide purchaser for

24

value" to include "all persons who give value . . . in an arms'-length transaction with the expectation that they would receive equivalent value in return." United States v. Reckmeyer, 836 F.2d 200, 208 (4th Cir. 1987). See also In re Bryson, 406 F.3d 284, 291 (4th Cir. 2005) (son who received promissory note as gift from his father was not a bona fide purchaser of land acquired by enforcing the note).

Claimant Hyde fails to proffer evidence showing that he gave any value for his purported interest in Defendant Real Property. There is no showing that he contributed any funds or services toward the purchase or improvement of Defendant Real Property. He does not claim that he ever had possession of, or exercised any dominion and control over, the Defendant Real Property.

Claimant Hyde fails to proffer evidence showing he satisfies the requirements of either prong of § 983(d).  In the alternative, summary judgment in favor of the United States is GRANTED.

//

//

//

//

//

**CONCLUSION**

For the foregoing reasons,

1.  The United States' Motion To Strike James M. Hyde's Claim and Answer is GRANTED;

2.  In the alternative, the United States' Motion For Summary Judgment is GRANTED.

The case is closed.

IT IS SO ORDERED.

DATED: August 6, 2008, at Honolulu, Hawaii.



  /s/ Helen Gillmor

Chief United States District Judge


UNITED STATES OF AMERICA v. REAL PROPERTY LOCATED AT 148 MAUNALANIKAI PLACE IN HONOLULU, HAWAII, TITLED IN THE NAME OF AI HANG THI HYDE, AND DESIGNATED AS TAX MAP KEY NUMBER (1)3-3-022-094, TOGETHER WITH ALL APPUR-TENANCES AND IMPROVEMENTS; $14,114.66 SEIZED FROM BANK OF HAWAII; AND $2,755.94 SEIZED FROM WELLS FARGO BANK, Civil Number 07-00049 HG LEK, ORDER GRANTING UNITED STATES' MOTION TO STRIKE JAMES M. HYDE'S CLAIM AND ANSWER AND IN THE ALTERNATIVE, GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT